ANNA E. FAGER, PLAINTIFF, v. EDWARD WOOTTON, DEFENDANT.

Decided November 9, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *William Charlton.*

*Contra, Edwin Field Crane (Albert S. Woodruff,* of counsel).

PER CURIAM.

The plaintiff obtained a verdict in the Camden Circuit against the defendant, for the sum of twelve thousand dollars, for injuries sustained by her, as the result of being struck by

an automobile driven by the defendant, on a public highway in Ocean City.

The only ground upon which the judgment is assailed, is, that the amount of the verdict is excessive.

The plaintiff was seventy-four years of age, but according to the testimony, she was a very active woman. There was testimony in the case that about thirty years prior to the happening of the present injury she sustained an injury to her knee cap, and the circumstance that there never was a complete healing, left her with a slight limp.

The injury which she sustained in the accident was a painful one—a fracture of the right hip at the point where the shaft of the thigh bone makes a slight turn to go over and make the hip-joint. The injury is not only permanent, but painful in character.

There is testimony to the effect that about fifteen hundred dollars was expended for doctors, and that in the course of time more sums will be required to be expended because of the need of medical attendance; that she has become crippled, and for the last eight months preceding the trial, required the constant attention of medical aid, and is still unable to move about.

It further appears, in order to minimize expenses the plaintiff has taken up her residence at the Hahneman Hospital, Philadelphia, at a cost of $38.50 a week, which will be a continuous expense, include nursing and all medical attention, and treatments and doctors' bills.

She is, in fact, rendered helpless, and will continue so, and the last years of her existence, which may be few, will be filled with pain and suffering. She is entitled to have the means by which she can enable herself to move about. If she requires a nurse and wheel-chair so that she can do so, it will entail expense. We think, therefore, under all the circumstances the verdict is not excessive.

Rule is discharged, with costs.